**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **MICHAEL MADDEN, CHARLES E. ALLEN III, MELISSA PIPES, RICHARD MOOSEBRUGGER and TRAVIS GIRDLEY, Individually and on behalf of all those similarly situated,** | § § § § § | |
| Plaintiffs, | § § § | |
| VS. | § § § § | **CIVIL ACTION NO. 2:09cv250 JURY DEMANDED** |
| **CITY OF WILLS POINT, TEXAS** | § | |

**PLAINTIFFS' RESPONSE TO MOTION TO TRANSFER VENUE**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant City of Wills Point, Texas (hereinafter "Wills Point") filed a Motion to Transfer Venue based upon the proposition that it is more convenient to try this case in the Tyler Division of the Eastern District of Texas, rather than the Marshall Division of the Eastern Division of Texas. Venue is proper in the Marshall Division of the Eastern District of Texas and Plaintiffs pray that Defendant's Motion to Transfer be denied.

1. **Background.** The case before the court is a claim for unpaid overtime wages under the Fair Labor Standards Act (29 U.S.C §201 et seq.) against Wills Point by reason of its failure to compensate its hourly workers for all time spent in furtherance of Wills Point's business. The case is filed as a collective action pursuant to 29 U.S.C. §216(b). In addition, Plaintiffs Madden and Pipes contend they were retaliated against by reason of their complaints regarding the failure of Wills Point to pay overtime compensation.

2. **Venue is proper in the Marshall Division.** Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that the Plaintiffs are residents of the district and the Defendant is in this

district. In addition, the cause of action accrued in the Eastern District. Defendant claims that because many of the witnesses are located in the Tyler Division and because the Wills Point facility is located in the Tyler Division, that "this case has absolutely no connection with the Marshall Division." However, <u>division</u> is not the test. There is no divisional requirement under Title 28 U.S.C. §1391(a). *Mohamed v. Mazda Motor Corporation,* 90 F.Supp.2d 757, 771-74 (ED - Tex. 2000) (Judge Heartfield presiding). As the Court is aware, Congress abolished divisional venue over seventeen (17) years ago. 28 U.S.C. § 1393, which required suit to be brought in a particular division within a district, was repealed on November 19, 1988, as part of the Judicial Improvements and Access to Justice Act of 1988. *See* Siegal, *Changes to Federal Jurisdiction and Practice Under the New Federal Judicial Improvement and Access to Justice Act*, 123 F.R.D. 399, 405-08 (1989). Consequently, there is no longer any requirement in federal civil cases that venue be placed in a particular division within a district. *See Mohamed v. Mazda*, 90 F. Supp. 2d 757, 767-68 (E.D. Tex. 2000).

3.  **<u>Transfers for Convenience of the Parties and Witnesses.</u>**  Pursuant to 28 U.S.C. §1404, the Court can transfer a case from one division to another for the convenience of parties and witnesses. Under §1404, the movant "seeking transfer bears the burden of demonstrating that a transfer of venue is warranted." *Mohamed v. Mazda Motor Corporation,* 90 F.Supp.2d 757, 771-74 (ED - Tex. 2000) (*citing Time, Inc. v. Manning,* 366 F.2d 690 (5th Cir. 1966)). The movant must further demonstrate that the balance of convenience and justice <u>substantially</u> weighs in favor of transfer. *Mohamed* 2000 WL 339981 at *10 (emphasis added). There is a <u>strong presumption</u> in favor of the Plaintiffs' choice of forum that may be overcome only when the private and public interest factors clearly point toward trial in the alternative forum. *Id.* (emphasis added.) A transfer of venue under §1404(a) is within the trial court's sound discretion

*Mohamed v. Mazda Motor Corporation,* 90 F.Supp.2d 757, 771-74 (ED - Tex. 2000); *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988)

4. **Defendant's Heavy Burden of Proof.** Defendant bears a heavy burden to show entitlement to a transfer under §1404(a). Indeed, a discretionary transfer under 28 U.S.C. §1404(a) will not be granted absent a clear and convincing showing by Defendant that the overwhelming balance of convenience is in favor of the transferee court. *Gulf Oil Corporation v. Gilbert,* 330 U.S. 501, 508, 91 L.Ed. 1055, 67 S.Ct. 839 (1947); *Time, Inc. v. Manning,* 366 Fd.2d 690, 698 (5th Cir. 1966); *Peteet v. Dow Chemical Company,* 68 Fd.2d 1428, 1436 (5th Cir. 1989); *Mohamed v. Mazda Motor Corporation,* 90 F.Supp.2d 757, 771-74 (ED - Tex. 2000); *Ledoux v. Isle of Capri Casinos, Inc.,* 218 F.Supp.2d 835 (ED - Tex. 2002).

5. **Plaintiffs' Right to Choose Forum.** Section 1404(a) was not intended to defeat the plaintiffs' right to bring their action in the forum they deemed proper, for the remedy they have under the circumstances and wherever possible, consideration is to be given to the plaintiffs' choice. *Walter v. Walter,* 235 F.Supp. 146 (WD - PA. 1964). The plaintiffs' choice of forum should not be disturbed unless the balance of factors strongly favors the defendant. *Gulf Oil Corporation v. Gilbert, supra.* As explained by the 5th Circuit, the plaintiffs' privilege to choose her forum is highly esteemed. *Time, Inc. v. Manning, supra*; *Rodriguez v. PanAmerican Life Insurance Company,* 311 F.2d 429, 434 (5th Cir. 1962); *Ford Motor Company v. Ryan,* 182 F.2d 329 (2nd Cir. 1950), cert. den'd (1950), 340 U.S. 851, 95 L.Ed. 624, 71 S.Ct. 79. The plaintiffs' choice of forum should not be lightly set aside. *Akers v. Norfolk & W.R. Company,* 378 F.2d 78 (4th Cir. 1967); *Chicago R.I. & P.R. Company v. Igoe,* 220 F.2d 299 (7th Cir. 1955), cert. den'd (1955), 350 U.S. 822, 100 L.Ed. 735, 76 S.Ct. 49. "The plaintiffs' choice of forum should only be disturbed upon a clear showing of facts that establish either oppressiveness or vexatiousness

towards a defendant as to be out of proportion to a plaintiffs' convenience ... or [that] make a trial in the chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems." *Fed. Trade Comm'n v. Multinet Mktg., LLC,* 959 F. Supp. 394, 396 (N.D. Tex. 1997) (quotations and citations omitted). Section 1404 is not a mechanism for Defendant to transfer the case to a forum in which they would rather be sued. The venue statutes intentionally provide the plaintiffs' with a wide range of choices as to where to pursue their claim. The plaintiffs' choice of forum should not be disturbed unless the balance of factors strongly favors the movant. As was stated by the 5th Circuit:

> "The existence of [forum choices] not only permits but indeed invites counsel in an advisory system, seeking to serve his clients' interest, to select the forum that he feels most receptive to his cause. The motive of the suiter in making his choice is ordinarily of no moment: a Court may be selected because its docket moves rapidly, its discovery procedures are liberal, its jurors are generous, the rules of law are applied more favorable, or the Judge who presides in that forum is thought more likely to rule in the litigants favor."

*McQuinn v. Texas Power and Light Co.*, 714 F.2d 1255, 1261-62 (5th Cir. 1983); In re *Triton Limited Securities litigation*, 70 F.Supp.2d 678, 689 (ED. Tex. 1999); *Mohamed v. Mazda Motor Corporation,* 90 F.Supp.2d 757, 771-74 (ED - Tex. 2000). Wills Point has not demonstrated that the balance of factors weighs heavily in its favor.

6. **The 1404(a) Factors.** The factors to be considered by the Court in evaluating a motion to transfer venue under §1404(a) fall into two groups. One group are those relating to the convenience of the litigants and the second are those relating to public interests in the fair and efficient administration of justice. The convenience of the litigants' factors include 1) plaintiffs' choice of forum; 2) the convenience of the parties and witnesses; 3) the place of the alleged wrong; 4) the location of counsel; 5) the cost of obtaining attendance of witnesses; 6) the

accessibility and location of sources of proof; and 7) the possibility of delay and prejudice if transfer is granted. The public interest factors consist of 1) administrative difficulties caused by court congestion; 2) the local interest in adjudicating local disputes; 3) the unfairness of burdening citizens in an unrelated forum with jury duty; and 4) the avoidance of unnecessary problems and conflicts of law. *Gulf Oil Corporation v. Gilbert, supra* at 508-509; *Ledoux v. Isle of Capri Casinos, Inc., supra*. Although the Defendant has the burden to show by clear and convincing evidence that they are entitled to transfer, they have chosen to ignore such burden. The Defendant has failed to tender any evidence, by affidavit or otherwise, to establish their entitlement to transfer. Defendant has chosen to base its Motion on the fact that the Wills Point facility is located in Tyler, Texas and the employees that have opted in so far all reside in the Tyler Division. The collective action filed is not limited to the Tyler Division residents and as more Plaintiffs opt in to this litigation, the "Tyler factors" will disappear completely. An examination of the *Gulf Oil* factors clearly indicate that transfer is not appropriate in the instant case, and Defendants' reliance upon the location of Wills Point is clearly insufficient. A party seeking transfer must prove specific facts that demonstrate that, balancing all the relevant factors, a trial in the forum chosen by plaintiff will result in substantial inconvenience and unfairness to the moving party and that the interest of justice would be better served by a transfer to a different forum. In the instant case, Defendant fails to generate the proof required to justify transfer.

    a. **The Convenience of the Parties and Witnesses.** Once the correct weight has been assigned to the plaintiff's choice of forum, one of the most important factors is whether substantial inconvenience will be visited upon key fact witnesses, particularly non-parties. *Mohamed v. Mazda Motor Corporation, supra* at 774.

The defendant seeking transfer of venue must clearly specify the key witnesses to be called and describe what their testimony will cover. *Scheidt v. Klein,* 956 F.2d 963, 966 (10th Cir. 1992); *Young v. Armstrong World Industries, Inc.,* 601 F.Supp. 399, 401-402 (ND - Tex 1984). Absent a specific list of the witnesses and the evidence to be derived from them upon which the party intends to rely in the transferee district, the defendant's motion to transfer should be denied. *Pilates, Inc. v. Pilates Institute, Inc.,* 891 F.Supp. 175, 183 (SD NY 1995). In the instant case, Wills Point has identified various employees, all of whom are parties within its control, who allegedly are located in the Tyler Division. As was stated in *Mohamed*, the most important of the eleven factors is whether "substantial inconvenience" will be visited upon key fact witnesses should the Court deny transfer." *Mohamed*, 2000 WL 339981 at *16 (emphasis added). The basis for convenience alleged by Defendant Wills Point is that most of the witnesses live in the Tyler Division, rather than the Marshall Division, and that "obviously" it would be more convenient for them to attend trial in Tyler. To support his argument, Defendant attaches no proof. The Defendant does not distinguish the key witnesses. Nor does Defendant prove any substantial inconvenience. Apparently, the "substantial inconvenience" that Defendant has not addressed is the drive from the Tyler Federal Courthouse to the Marshall Federal Courthouse, which is approximately a one hour drive. However, there is no proof whatsoever that this near one hour drive, presumably without any need for an overnight stay would inconvenience anyone. Defendants have failed to carry their burden of establishing the materiality of any non-party witness' testimony and their

unavailability to testify in the Eastern District of Texas. Defendant Wills Point's reliance upon its own employees, who remain within its control, is not a proper focus of the Court's inquiry. *In Re: Triton Limited Securities Litigation,* 70 F.Supp.2d 678, 690 (ED - Tex 1999); *Mohamed v. Mazda Motor Corporation, supra* at 775.

7. Interestingly, Wills Point fails to cite to the Court to *In Re: Triton Limited Securities Litigation,* supra, a ruling from Judge Folsom in which he stated "…even though the Plaintiffs' choice of forum gets lessened deference, it is still at least a factor which should be considered in a convenience transfer analysis. *See, e.g. Georgouses v. NaTec Resources, Inc.,* 963 F.Supp. 728, 730 (N.D.Ill.1997) (plaintiff's choice of forum in class action is "simply one factor among many to be considered"). In fact, this was the approach recognized in *Job Haines,* one of the cases relied upon by the Defendants for the proposition that the plaintiffs' choice of forum in this situation is entitled to lessened deference. *Job Haines,* 936 F.Supp. at 228. The court, after stating the plaintiff's choice in the class action was entitled to lessened deference, went on to recognize authority holding that "the 1404(a) factors are still balanced by the court in making a transfer determination, and the balance must tip strongly in favor of transfer before disturbing the plaintiff's choice." *Id*

8. **The place of the alleged wrong**. The place of the alleged wrong is Wills Point, Texas. Again, Tyler is in the Eastern District of Texas and Tyler, Texas is approximately one hour from the Federal Courthouse in Marshall.

9. **Location of Counsel.** Plaintiffs are represented by William S. Hommel, Jr. of Tyler, Texas. Plaintiffs' attorneys are well acquainted with the practice and procedure of this honorable court and have numerous cases past and present pending in the court.

10.     **The Cost of Obtaining Attendance and Witnesses and the Availability of compulsory process.**  All witnesses in this case, which are currently known, reside in Texas. All reside in the Eastern District of Texas.  Most reside within 100 miles of Marshall.  This Court has subpoena power over all witnesses currently known.  *See Mohamed*, *supra* at 775.  The costs of obtaining the attendance of these witnesses would be minimal and would likely involve a few gallons of gas each way.

11.     **The accessibility and location of sources of proof.** Many of the documents in this case are located at the Wills Point Facility.  The depositions in this case may be taken at the office of Plaintiffs' counsel in Tyler.  Regardless of whether this case was tried in the Marshall Division or the Tyler Division, most depositions would likely be taken at the office of Plaintiffs or Defendant's counsel's choosing in Tyler.  This will happen regardless of whether the case is in Tyler or Marshall.  Wills Point only points the Court to the "relative ease" of access to sources of proof, but wholly fails to bring forth evidence of substantial inconvenience.

12.     **The Possibility of Delay and Prejudice if Transfer is Granted.** In its motion, the Defendant states that any delay that may result from a transfer would be minimal. One thing we do know is that the passing of the Honorable William Steger has caused the other judges in the Tyler Division to take on additional cases to their dockets.  While the current status of the case may or may not be affected by a transfer to Tyler, Defendant's blanket assertion that "this factor weights in favor of a transfer of venue" is baseless.  Defendant has no way of knowing whether a transfer will affect the timing of this lawsuit.  Wills Point also has no proof of no delay.

13.     **The Administrative Difficulties Caused by Court Congestion.** In this regard, Defendant makes the statement that the Marshall Division should not be burdened with "this matter that bears no factual nexus to *the district."* (italics added).  Obviously, this case arises

from events that have occurred in the Eastern District. As previously noted in this response, divisional venue is a thing of the past. Again, Wills Point brings forth no evidence that suggests that the Marshall Division constitutes a substantial inconvenience by reason of backlog or administrative difficulties.

14. **The Local Interest in Adjudicating Local Disputes.** Defendant makes the argument that since Wills Point is in the Tyler Division, that the citizens of Smith County and the other counties in the Tyler Division have a duty of hearing the dispute. What this argument boils down to is an attempt to nudge the Court towards its preference for having the case transferred to Tyler without any proof that trying the case in Marshall is a burden upon the community or that the "burden" of trying the case in Marshall is any more burdensome on the citizens of Tyler or Marshall.

15. **The Unfairness of Burdening Citizens in Unrelated Forum with Jury Duty.** Obviously, Marshall is not an unrelated forum. Other Wills Point employees likely live in the Marshall Division as well. Tyler and Marshall both fall in the Eastern District of Texas. Tyler and Marshall are approximately one hour apart. Tyler and Marshall are not unrelated forums.

16. **Avoidance of Unnecessary Problems in Conflicts of Law.** There are no conflicts of law issues.

## COMPLETE ABSENCE OF EVIDENTIARY SUPPORT

17. In the instant case, the burden was on Defendant to establish, by clear and convincing evidence that the overwhelming balance of convenience and justice weighed heavily in favor of transfer. Defendant has failed to present the Court with any relevant evidence to support its Motion. Accordingly, Defendant has failed to carry its burden and their Motions should be denied.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray Defendant's Motion to Transfer Venue be denied.

Respectfully submitted,

\_\_\_\_\_/s/_____
William S. Hommel, Jr.
State Bar No. 09934250
William S. Hommel, Jr., P.C.
130 Shelley Drive, Suite C
Tyler, Texas 75701
903-596-7100
903-596-7464 Facsimile

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above and foregoing instrument has been served on all counsel of record in accordance with the Rules of Civil Procedure on this 26th day of October, 2009.

\_\_\_/s/_____
William S. Hommel, Jr