IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MICHAEL MADDEN, CHARLES E. ALLEN III, MELISSA PIPES, RICHARD MOOSEBRUGGER and TRAVIS GIRDLEY, Individually and on behalf of those similarly situated, | § § § § § § § § § § § | CIVIL ACTION NO. 2:09-CV-250 (TJW) |
| v. | | |
| CITY OF WILL POINT, TEXAS Defendant. | | |

## MEMORANDUM OPINION ORDER

Before the Court is defendant City of Wills Point, Texas ("Wills Point") Motion to Transfer Venue. [Dkt. No. 5] Wills Point requests that this case be transferred to the Tyler division of the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a). After careful consideration of the parties' written submissions, the defendant's motion is DENIED for the reasons set forth in this opinion.

**I. Background**

Plaintiffs Michael Madden, Charles E. Allen III, Melissa Pipes, Richard Moosebrugger, and Travis Girdley (collectively "Plaintiffs") filed suit under the Fair Labor Standards Act, claiming that Wills Point failed to pay overtime wages as required by 29 U.S.C. § 207. The case is filed as a collective action pursuant to 29 U.S.C. § 216(b). The lawsuit also includes allegations of retaliation against Mr. Madden because he complained about the city's failure to pay overtime compensation.

The events giving rise to this cause of action occurred in the Tyler Division. The Defendant, five of the six named plaintiffs, and the City officials likely to be called as witnesses

1

are all within the Tyler Division. None of the parties or witnesses is in the Marshall Division. Defendant's Motion, at 2. [Dkt. No. 5] The Tyler Division is 62 miles from the Marshall Division.

**II.    Discussion**

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) (quoting *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987)).

The Fifth Circuit has recently clarified the standard that district courts in this circuit should apply in deciding motions to transfer venue. *In re Volkswagen of America, Inc*., 545 F.3d 304 (5th Cir. 2008) (en banc), *cert. denied*, *Singleton v. Volkswagen of Am., Inc.*, No. 08-754, 2009 WL 425117 (Feb. 23, 2009). The Court ruled that "§ 1404(a) venue transfers may be granted upon a lesser showing of inconvenience than *forum non conveniens* dismissals," and that "the burden that a moving party must meet to justify a venue transfer is less demanding than that a moving party must meet to warrant a *forum non conveniens* dismissal." *Id*. at 314 (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)). The Court held that moving party bears the burden of showing "good cause," which the Court explained is satisfied "when the movant demonstrates that the transferee venue is clearly more convenient." *Id*.

The Court noted, however, that the relevant factors to be considered in ruling on a 1404(a) motion are the same as those in the *forum non conveniens* context. *Id*. at 314, n. 9 (citing *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.,* 321 F.2d 53, 56 (5th Cir. 1963)). These

2

include both private and public interest factors. *Id.* The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id.* (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *In re Volkswagen*, 545 F.3d at 315. These factors are not necessarily exhaustive or exclusive, and none can be said to be of dispositive weight. *Id.* (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)). Furthermore, the Circuit held that the movant's "good cause" burden reflects the appropriate deference to plaintiff's choice of forum. *Id.* at 315.

The Federal Circuit applies regional circuit law to district court decisions related to venue. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (applying the Fifth Circuit's *en banc Volkswagen* decision to this Court's transfer order).

**A. Private Factors**

    a.    Convenience of the Parties and Witnesses and Cost of Attendance for Witnesses

The Fifth Circuit has established a threshold of 100 miles when giving substantial weight to this factor. *See In re Volkswagen,* 371 F.3d at 204-05. ("When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to

be travelled."). The Court reasoned that "[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *Id*. Tyler is well less than 100 miles from Marshall. The Court finds that this factor weighs against transfer.

        b.        The Relative Ease of Access to Sources of Proof

Despite the fact that access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments, this alone does not render this factor superfluous and cannot be read out of the § 1404(a) analysis. *In re Volkswagen*, 545 F.3d at 316. Although the events and parties are in the Tyler Division, the Tyler and Marshall Divisions have roughly equal access to sources of proof. The Court finds that there will not be any significant inconvenience to the parties if they had to transport documents or other evidence to Marshall, Texas as compared to the Tyler Division. Therefore, this factor weighs against transfer.

        c.        The Availability of Compulsory Process to Secure the Attendance of Witnesses

Federal Rule of Civil Procedure 45(b)(2) governs the places where a subpoena issued by a court of the United States may be served. However, a court's subpoena power is subject to Rule 45(c)(3)(A)(ii), which protects nonparty witnesses who work or reside more than 100 miles from the courthouse. *See In re Volkswagen*, 545 F.3d at 316. All of the likely witnesses in this case are within the subpoena power of either court. Therefore, the Court concludes that this factor weighs against transfer.

    B. Public Factors

        a.        Administrative Difficulties Flowing from Court Congestion

Neither the plaintiff nor the defendants address this factor in detail. The court is unaware of any administrative difficulties that would arise from transferring or retaining this case. Therefore, the court finds this factor is neutral as to transfer.

        b.        Local Interest in Having Localized Interests Decided at Home

Transfer is appropriate where none of the operative facts occurred in the division and where the division had no particular local interest in the outcome of the case. *See In re Volkswagen*, 545 F.3d at 318. In such a case, courts may look to where the incident occurred, where the witnesses live, where the evidence is located, where the parties live, and where the vehicle was purchased. *Id*. As discussed earlier, the facts giving rise to this lawsuit occurred in the Tyler Division. Most of the plaintiffs live in the Tyler Division. The Defendant is in the Tyler division. Most witnesses probably live in the Tyler Division. Very little evidence related to the lawsuit is now located in the Marshall Division.

Given these facts, the Court finds that the Tyler Division has more local interest in this case than the Marshall Division. However, in light of the greater deference available to the Court when considering intra-district transfers, the Court concludes that this factor weighs only slightly in favor of a transfer.

        c.        The Avoidance of Unnecessary Problems of Conflict of Laws

The court finds that this factor is inapplicable in this transfer analysis.

        d.        Judicial Economy

Both the Tyler Division and this division are equally capable of resolving this case efficiently, with little impact to judicial economy. Therefore, the court finds this factor is neutral as to transfer.

I.  Conclusion

The court has balanced all of the relevant factors. The Court finds that the proposed transferee forum is not clearly more convenient than the plaintiff's forum choice. Therefore, the court DENIES defendant's motion to transfer.

It is so ORDERED.

SIGNED this 15th day of December, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE